IN THE UNITED STATES COURT

OF APPEALS FOR THE

SEVENTH CIRCUIT



RICHARD GEORGE MARTIN,

     PETITIONER,

  V.                              CASE No. 17-1064

UNITED STATES OF AMERICA,

     RESPONDENT.

---

### PETITION FOR A CERTIFICATE OF APPEALABILITY

### FROM THE DISTRICT COURT'S DECISION IN

### UNITED STATES V. MARTIN, case no. 17-1064

---

Now Comes, Richard Martin, Petitioner, acting pro se before this Honorable Court, respectfully ask this Court to treat his pro se status to a less stringent standard than formal proceedings by an experienced lawyer. See, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

### Question(s) Asked

DID THE COURT ERR WHEN IT DENIED THE PETITIONER'S CLAIM THAT HIS PRIOR CONVICTIONS SHOULD HAVE BEEN SUBJECTED TO A CATEGORICAL APPROACH TO DETERMINE IF THEY QUALIFY AS PREDICATES FOR SENTENCING PURPOSES UNDER § 841(b)(1).

IN THE UNITED STATES COURT

OF APPEALS FOR THE

SEVENTH CIRCUIT


RICHARD GEORGE MARTIN,

      PETITIONER,

   V.                                    CASE No. 17-1064

UNITED STATES OF AMERICA,

      RESPONDENT.


---

## PETITION FOR A CERTIFICATE OF APPEALABILITY

## FROM THE DISTRICT COURT'S DENIAL OF

## PETITIONER'S § 2255.

---

**BACKGROUND**

     Petitioner is currently incarcerated in Pine Knot, Kentucky at USP McCreary. I was convicted of conspiracy to distribute and possession with intent to distribute cocaine and marijuana by a jury in the United States District Court of Illinois (Peoria Division). See, case no. 11-10064. The government filed an information pursuant to 21 U.S.C. § 851, in which it provided notice of its intent to rely on the Petitioner's prior felony drug offense(s) to enhance my sentence under 21 U.S.C. § 841(b)(1). Those convictions included: (1) LaSalle County Case No. 99-CF-285 for possession of a controlled substance (cocaine); (2) LaSalle County Case No. 03-CF-345 for possession of cocaine with the intent to deliver; and (3) LaSalle County Case No.

07-CF-236 for delivery of cannabis. The Court applied the sentence enhancement required under § 841(b)(1) and sentenced the Petitioner to life in prison.

Subsequent Appeals:

Petitioner filed a subsequent appeal and was denied by the Seventh Circuit. United States v. Martin, 807 F. 3d 840 (7th Cir. 2015), cert. denied, 133 S. Ct. 1475 (2016)

Petitioner filed a § 2255 motion on February 8, 2017, the Court then directed the respondent to respond to the Petitioner's motion to vacate, denied the Petitioner's motion to request counsel and granted Petitioner's motion to expand the record.

Petitioner filed a motion to appoint counsel and an evidentiary hearing which was granted on July 24, 2017. An evidentiary hearing was held on October 2, 2017, the Court heard arguments on all the Petitioner's claims and Petitioner's previous counsel Mark Wertz testified. At the end of arguments, the Court denied the Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255.

*******************************************************************

pursuant to § 2255:

to obtain a certificate of appealability the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

## QUESTION(S) ASKED

DID THE COURT ERR WHEN IT DENIED THE PETITIONER'S CLAIM
THAT HIS PRIOR CONVICTION(S) SHOULD HAVE BEEN SUBJECTED
TO A CATEGORICAL APPROACH TO DETERMINE IF THEY QUALIFY
AS PREDICATES FOR SENTENCING ENHANCEMENT PURPOSES UNDER
§ 841(b)(1); § 851.

## A R G U M E N T (S)

Petitioner asserts that he district court erred when denying his
claims that his prior convictions should be subjected to the categorical
approach to determine if they qualify for predicates due to the reasoning
that the definitions are broader than that of the federal law definition
as defined in § 802(44). The Court denied the Petitioner's claim without
any significant analysis and the court went on to state that making a
ruling concerning the categorical approach without any prior guidance
is like walking through a field of mines. The Court even went on to
make the determination that the ruling would be put off for a later date.
See, (T-Tr pg. 117, 1-22)

Petitioner avers that his prior convictions in Illinois should be
subjected to the categorical approach to determine whether or not they
qualify as a felony drug offense as defined by § 802(44). Petitioner
asserts that his priors are broader than the list of drugs covered by
§ 802(44). Petitioner asserts that during his evidentiary hearing the
Judge (Mr. Mihm) refuse to apply the categorical approach to his prior
convictions that were filed pursuant to § 851, for sentencing enhance-
ment and to rely on § 802(44) definition of what a felony drug offense
constitutes, not only prejudiced the Petitioner, but the reliance on
§ 802(44) definition and the reliance on United States v. Jackson, 419
Fed.Appx. 666, 2011 WL 1882511, is wholly misplaced.

Petitioner asserts that United States v. Mathis, 136 S. Ct. 2251, was decided prior to his evidentiary hearing which in turn overruled the decision in <u>Jackson</u> and gave guidance on how the categorical approach should be utilized when scrutinizing petitions. Explictly, the court in <u>Jackson</u> only addressed if the conviction was a "felony drug offense' solely based on the definition of § 802(44). The court stopped short of comparing the State statute with the Federal statute definition to see if they are a categorical match. Petitioner asserts that <u>Mathis</u> directs the courts to focus solely on whether the elements of the crime of conviction sufficiently match the elements of the crime referenced in the federal statute. Petitioner would like to point out to the Court that a recent decision render in United States v. Elder, case no. 17-2207 (2018), the Court applied the categorical approach to § 841(b)(1) and § 802(44), deemed the Petitioner's prior drug conviction invalid for sentencing enhancement purposes, because the State law definition was broader than that of the list of drugs covered by § 802(44).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Issue One</u>

Petitioner asserts that his prior convictions for various drug offenses that were used to enhance his sentence under § 841(b)(1) and § 851, those prior convictions include: (1) LaSalle County case no. 99-cf-285, for possession of a controlled substance (cocaine); (2) LaSalle County case no. 03-cf-345, for possession of cocaine with the intent to deliver; and (3) LaSalle County case no. 07-cf-236, for delivery of cannabis, should be subjected to the categorical approach to determine if they qualify as "felony drug offense(s)" as defined by § 802(44). Specifically, Illinois drug offense statutes are broader than the list

of drugs covered by § 802(44).

Petitioner asserts that in his Illinois prior conviction for unlawful possession a controlled substance (cocaine) was subjected to the categorical approach that was used in <u>Mathis</u>, his prior conviction would be deemed invalid for sentencing enhancement purposes considering, the elements of the state offense and you compare it to the federal offense or the federal definition, in this case the state definition is broader than the federal offense which is what addressed in <u>Mathis</u>. Petitioner asserts that categorically the 1999 version of the Illinois statute for possession in LaSalle County case no. 99-cf-285, is broader than the definition of felony drug offense in § 802(44). The simple possession statute criminalizes the possession of more controlled substances than what would fall under the definition of, quote, narcotic drugs, marijuana, anabolic steroids or depressors or stimulant substances. Petitioner asserts that narcotic drugs is a very narrow definition, marijuana is a narrow definition as well, also there is potentially substances that don't fall within the definitions used and the definition may not correspond with the definition of § 802(44). Petitioner asserts that the Illinois statute also prohibits the possession of an analog-- and an analog is not within the scope of the statute or § 802(44) and therefore, it is not clear if he was convicted for simple possession of cocaine and/or an cocaine analog.

****************************************************************

Issue Two

Petitioner asserts that his prior conviction in LaSalle County in 2003, for possession of cocaine with intent to deliver categorically is not a match, because it criminalizes more controlled substance offenses

than what is defined as a felony drug offense under § 802(44).
Petitioner asserts that <u>Mathis</u> requires that when "faced with an alternative phrased statute," courts must determine whether its listed items are alternative elements, which must be found by a jury or found by a judge at a bench trial beyond a reasonable doubt to sustain a conviction. To make the determination needed concerning if a Petitioner violated a certain statute, courts must apply the necessary case law and review the records to find out if a Petitioner has met all the requirements needed to satisfy the demand for certainity needed when determining whether a defendant was convicted of a generic offense. Petitioner avers that the Illinois statutes are so broad and vague, that without the Court following the guidance set out in <u>Mathis</u> and applying the categorical approach, that it is virtually impossible to make the determination that his prior conviction even qualifies as a predicate for sentencing purposes under § 841(b)(1) and § 851.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issue Three

Petitioner asserts that his prior conviction in LaSalle County for delivery of cannabis, has a statutory definition that is broader than that of the federal law definition of § 802(44) and if it was subjected to the categorical approach set out in <u>Mathis</u> it would be deemed as invalid for sentencing enhancement purposes under § 841(b)(1). Petitioner asserts that the Illinois statute is indivisible, and define the essential element of "delivery" broadly enough to include solicitation of unlawful delivery, offering to sell without possession, and to share a controlled substance without an exchange of consideration. Petitioner avers that because § 841(b)(1) does not criminalize solicitation

of unlawful delivery of a controlled substance, an offer to sell,

or sharing a controlled substance, the elements of the Illinois crime

are overly broad and do not match the federal statute.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## C O N C L U S I O N

Petitioner asserts that he has met the burden of prove needed to show

to have his petition for a certificate of appealability entertain for

its merits.

Petitioner prays that this court apply all the necessary case law and

take into consideration that he is not skilled in the Art and Science

of the law and grant him a certificate of appealability on the issues

he has raised throughout this petition.

Respectfully Submitted,

_Richard George Martin_
Richard George Martin

# C E R T I F I C A T E   O F   S E R V I C E

I, Richard George Martin, Petitioner, in this Habeas Corpus petition, Certificate of Appealability at hand, do hereby swear that I have placed in the legal mailbox located at USP McCreary in Pine Knot, Ky 42635 a copy of the petition to the following partie(s):

Everett McKinely Dirkson
United States Courthouse
219 South Dearborn St.
Room 2722
Chicago, Il 60604

this was done using First Class postage, on a sealed envelope on the ___29th___ day of ___October___, 2018.

Respectfully Submitted,

_RMM Marh_
Richard George Martin

IN THE UNITED STATES COURT

OF APPEALS FOR THE

SEVENTH CIRCUIT


RICHARD GEORGE MARTIN,

      PETITIONER,

   V.                                 CASE No. 17-1064

UNITED STATES OF AMERICA,

      RESPONDENT.


---

## PETITION FOR A CERTIFICATE OF APPEALABILITY

## FROM THE DISTRICT COURT'S DENIAL OF

## PETITIONER'S § 2255.

---

**BACKGROUND**

    Petitioner is currently incarcerated in Pine Knot, Kentucky at USP McCreary. I was convicted of conspiracy to distribute and possession with intent to distribute cocaine and marijuana by a jury in the United States District Court of Illinois (Peoria Division). See, case no. 11-10064. The government filed an information pursuant to 21 U.S.C. § 851, in which it provided notice of its intent to rely on the Petitioner's prior felony drug offense(s) to enhance my sentence under 21 U.S.C. § 841(b)(1). Those convictions included: (1) LaSalle County Case No. 99-CF-285 for possession of a controlled substance (cocaine); (2) LaSalle County Case No. 03-CF-345 for possession of cocaine with the intent to deliver; and (3) LaSalle County Case No.

07-CF-236 for delivery of cannabis. The Court applied the sentence enhancement required under § 841(b)(1) and sentenced the Petitioner to life in prison.

Subsequent Appeals:

Petitioner filed a subsequent appeal and was denied by the Seventh Circuit. United States v. Martin, 807 F. 3d 840 (7th Cir. 2015), cert. denied, 133 S. Ct. 1475 (2016)

Petitioner filed a § 2255 motion on February 8, 2017, the Court then directed the respondent to respond to the Petitioner's motion to vacate, denied the Petitioner's motion to request counsel and granted Petitioner's motion to expand the record.

Petitioner filed a motion to appoint counsel and an evidentiary hearing which was granted on July 24, 2017. An evidentiary hearing was held on October 2, 2017, the Court heard arguments on all the Petitioner's claims and Petitioner's previous counsel Mark Wertz testified. At the end of arguments, the Court denied the Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255.

**************************************************************

pursuant to § 2255:

to obtain a certificate of appealability the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

DID THE COURT ERR WHEN IT DENIED THE PETITIONER'S CLAIM THAT HIS PRIOR CONVICTION(S) SHOULD HAVE BEEN SUBJECTED TO A CATEGORICAL APPROACH TO DETERMINE IF THEY QUALIFY AS PREDICATES FOR SENTENCING ENHANCEMENT PURPOSES UNDER § 841(b)(1); § 851.

A R G U M E N T (S)

Petitioner asserts that he district court erred when denying his claims that his prior convictions should be subjected to the categorical approach to determine if they qualify for predicates due to the reasoning that the definitions are broader than that of the federal law definition as defined in § 802(44). The Court denied the Petitioner's claim without any significant analysis and the court went on to state that making a ruling concerning the categorical approach without any prior guidance is like walking through a field of mines. The Court even went on to make the determination that the ruling would be put off for a later date. See, (T-Tr pg. 117, 1-22)

Petitioner avers that his prior convictions in Illinois should be subjected to the categorical approach to determine whether or not they qualify as a felony drug offense as defined by § 802(44). Petitioner asserts that his priors are broader than the list of drugs covered by § 802(44). Petitioner asserts that during his evidentiary hearing the Judge (Mr. Mihm) refuse to apply the categorical approach to his prior convictions that were filed pursuant to § 851, for sentencing enhancement and to rely on § 802(44) definition of what a felony drug offense constitutes, not only prejudiced the Petitioner, but the reliance on § 802(44) definition and the reliance on United States v. Jackson, 419 Fed.Appx. 666, 2011 WL 1882511, is wholly misplaced.

Petitioner asserts that United States v. Mathis, 136 S. Ct. 2251, was decided prior to his evidentiary hearing which in turn overruled the decision in <u>Jackson</u> and gave guidance on how the categorical approach should be utilized when scrutinizing petitions. Explictly, the court in <u>Jackson</u> only addressed if the conviction was a "felony drug offense' solely based on the definition of § 802(44). The court stopped short of comparing the State statute with the Federal statute definition to see if they are a categorical match. Petitioner asserts that <u>Mathis</u> directs the courts to focus solely on whether the elements of the crime of conviction sufficiently match the elements of the crime referenced in the federal statute. Petitioner would like to point out to the Court that a recent decision render in United States v. Elder, case no. 17-2207 (2018), the Court applied the categorical approach to § 841(b)(1) and § 802(44), deemed the Petitioner's prior drug conviction invalid for sentencing enhancement purposes, because the State law definition was broader than that of the list of drugs covered by § 802(44).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Issue One</u>

Petitioner asserts that his prior convictions for various drug offenses that were used to enhance his sentence under § 841(b)(1) and § 851, those prior convictions include: (1) LaSalle County case no. 99-cf-285, for possession of a controlled substance (cocaine); (2) LaSalle County case no. 03-cf-345, for possession of cocaine with the intent to deliver; and (3) LaSalle County case no. 07-cf-236, for delivery of cannabis, should be subjected to the categorical approach to determine if they qualify as "felony drug offense(s)" as defined by § 802(44). Specifically, Illinois drug offense statutes are broader than the list

of drugs covered by § 802(44).

Petitioner asserts that in his Illinois prior conviction for unlawful possession a controlled substance (cocaine) was subjected to the categorical approach that was used in _Mathis_, his prior conviction would be deemed invalid for sentencing enhancement purposes considering the elements of the state offense and you compare it to the federal offense or the federal definition, in this case the state definition is broader than the federal offense which is what addressed in _Mathis_. Petitioner asserts that categorically the 1999 version of the Illinois statute for possession in LaSalle County case no. 99-cf-285, is broader than the definition of felony drug offense in § 802(44). The simple possession statute criminalizes the possession of more controlled substances than what would fall under the definition of, quote, narcotic drugs, marijuana, anabolic steroids or depressors or stimulant substances. Petitioner asserts that narcotic drugs is a very narrow definition, marijuana is a narrow definition as well, also there is potentially substances that don't fall within the definitions used and the definition may not correspond with the definition of § 802(44). Petitioner asserts that the Illinois statute also prohibits the possession of an analog-- and an analog is not within the scope of the statute or § 802(44) and therefore, it is not clear if he was convicted for simple possession of cocaine and/or an cocaine analog.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issue Two

Petitioner asserts that his prior conviction in LaSalle County in 2003, for possession of cocaine with intent to deliver categorically is not a match, because it criminalizes more controlled substance offenses

than what is defined as a felony drug offense under § 802(44).
Petitioner asserts that <u>Mathis</u> requires that when "faced with an alternative phrased statute," courts must determine whether its listed items are alternative elements, which must be found by a jury or found by a judge at a bench trial beyond a reasonable doubt to sustain a conviction. To make the determination needed concerning if a Petitioner violated a certain statute, courts must apply the necessary case law and review the records to find out if a Petitioner has met all the requirements needed to satisfy the demand for certainity needed when determining whether a defendant was convicted of a generic offense. Petitioner avers that the Illinois statutes are so broad and vague, that without the Court following the guidance set out in <u>Mathis</u> and applying the categorical approach, that it is virtually impossible to make the determination that his prior conviction even qualifies as a predicate for sentencing purposes under § 841(b)(1) and § 851.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Issue Three

Petitioner asserts that his prior conviction in LaSalle County for delivery of cannabis, has a statutory definition that is broader than that of the federal law definition of § 802(44) and if it was subjected to the categorical approach set out in <u>Mathis</u> it would be deemed as invalid for sentencing enhancement purposes under § 841(b)(1). Petitioner asserts that the Illinois statute is indivisible, and define the essential element of "delivery" broadly enough to include solicitation of unlawful delivery, offering to sell without possession, and to share a controlled substance without an exchange of consideration. Petitioner avers that because § 841(b)(1) does not criminalize solicitation

of unlawful delivery of a controlled substance, an offer to sell, or sharing a controlled substance, the elements of the Illinois crime are overly broad and do not match the federal statute.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONCLUSION

Petitioner asserts that he has met the burden of prove needed to show to have his petition for a certificate of appealability entertain for its merits.

Petitioner prays that this court apply all the necessary case law and take into consideration that he is not skilled in the Art and Science of the law and grant him a certificate of appealability on the issues he has raised throughout this petition.

Respectfully Submitted,

_____
Richard George Martin

# CERTIFICATE OF SERVICE

I, Richard George Martin, Petitioner, in this Habeas Corpus petition, Certificate of Appealability at hand, do hereby swear that I have placed in the legal mailbox located at USP McCreary in Pine Knot, Ky 42635 a copy of the petition to the following partie(s):

Everett McKinely Dirkson
United States Courthouse
219 South Dearborn St.
Room 2722
Chicago, Il 60604

this was done using First Class postage, on a sealed envelope on the _27th_ day of _October_, 2018.

Respectfully Submitted,

_PMK Mart_
Richard George Martin