# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 10, 2019

*Before*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 18-2840 | |
| RICHARD G. MARTIN, <br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| v. | No. 17-CV-1064 |
| UNITED STATES OF AMERICA, <br> *Respondent-Appellee*. | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

    Richard Martin has filed a notice of appeal from the denial of his motion under 28 U.S.C. § 2255 and an application for a certificate of appealability. After reviewing the final order of the district court and the record on appeal, we find that Martin has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

    Specifically, reasonable jurists could debate whether, under the categorical approach, two of Martin's prior Illinois drug crimes underlying his sentencing enhancement pursuant to 21 U.S.C. § 841—simple possession of cocaine, 720 ILCS 570/402 (1999), and possession with intent to distribute cocaine, 720 ILCS 570/401 (2003)—count as "felony drug offenses." *See* 21 U.S.C. § 802(44). This is especially true after our holding in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), that district courts should apply the categorical approach when evaluating whether prior state drug convictions count as "felony drug offenses."

No. 18-2840　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page  2

In addition to any other procedural issues, the parties should also consider whether Martin procedurally defaulted this claim by failing to raise it at sentencing or in his direct appeal.

Accordingly, the request for a certificate of appealability is **GRANTED**. On the court's own motion, we appoint counsel for Martin. A separate order naming counsel and setting a briefing schedule will follow.