No. 18-2840

IN THE

# United States Court of Appeals
## FOR THE SEVENTH CIRCUIT

RICHARD GEORGE MARTIN,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Central District of Illinois
(Hon. Michael M. Mihm, No. 1:17-cv-01064)

**MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY TO INCLUDE PETITIONER'S CANNABIS CONVICTION**

Petitioner-Appellant Richard George Martin, by and through his court-appointed counsel Raphael Janove, respectfully moves this Court to expand the certificate of appealability. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) ("[I]f appointed counsel concludes that one or more of the non-certified claims is debatable, the appropriate action is to ask this court to expand the certificate to include the additional claims."). This Court has issued a certificate on the issues of whether two of Petitioner's three prior convictions are "felony drug offenses" under

28 U.S.C. § 841. This Court should expand the certificate to include whether Petitioner's third conviction for unlawful delivery of cannabis, 720 ILCS § 550/5(e), also counts as a "felony drug offense." In support of expanding the certificate, Petitioner states as follows:

## INTRODUCTION

In September 2014, a federal jury convicted Petitioner of a conspiracy to distribute marijuana and cocaine. 21 U.S.C §§ 846, 841. The Government filed an information pursuant to 21 U.S.C. § 851 stating that it intended to rely on three prior non-violent Illinois drug convictions to enhance Petitioner's sentence. These were two "cocaine" convictions—a 1999 guilty plea for possession, 720 ILCS 570/402, and a 2003 conviction for possession with intent to distribute, 720 ILCS 570/401—and one "cannabis" conviction, a guilty plea in 2007, 720 ILCS § 550/5(e).[1]

At sentencing, Petitioner confirmed that he had been convicted of these crimes. Pursuant to the then-existing provisions of 21 U.S.C. § 841 (2014),[2] the District Court imposed the mandatory sentence of life imprisonment without the possibility of parole. This Court affirmed. *United States v. Martin*, 807 F.3d 842 (7th Cir. 2015).

---

[1] Petitioner refers to these Illinois convictions as "cocaine" or "cannabis" for ease of reference, but does not concede that these convictions actually related to those substances.

[2] The First Step Act, Pub. L. No. 115-391 (Dec. 21, 2018) has substantially changed the criteria for predicate offenses and no longer mandates life imprisonment for prior drug offenses.

Thereafter, Petitioner timely filed a motion under 28 U.S.C. § 2255 for habeas relief, arguing, *inter alia*, that his three convictions did not count as predicate "felony drug offenses" under the categorical approach as set forth under *Taylor v. United States*, 495 U.S. 575, 598 (1990), and its progeny, including *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016). He also argued that trial counsel was ineffective at sentencing for failing to raise this issue. *See* Doc. Nos. 3, 4, 8, 15; 17-cv-1064 (C.D. Ill.).[3] The District Court denied Mr. Martin relief, concluding that his two cocaine convictions were "felony drug offenses" without addressing the cannabis conviction. ECF No. 1-1 at 16. The District Court did not issue a certificate of appealability. ECF No. 9.

Petitioner, acting *pro se*, requested a certificate of appealability from this Court on the basis of all three of his convictions. On May 10, 2019, this Court granted a certificate, but only as to Petitioner's two cocaine convictions, stating in relevant part:

> Specifically, reasonable jurists could debate whether, under the categorical approach, two of Martin's prior Illinois drug crimes underlying his sentencing enhancement pursuant to 21 U.S.C. § 841—simple possession of cocaine, 720 ILCS 570/402 (1999), and possession with intent to distribute cocaine, 720 ILCS 570/401 (2003)—count as "felony drug offenses." *See* 21 U.S.C. § 802(44). This is especially true after our holding in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), that district courts should apply the categorical approach when evaluating whether prior state drug convictions count as "felony drug offenses."

ECF No. 17. The Court on its own motion also appointed counsel.

---

[3] Hereafter, citations to documents in the habeas proceeding at the district-court level are referred to as "Doc. Nos." Citations to filings on the Seventh Circuit docket are referred to as "ECF No."

Appointed counsel, having reviewed the proceedings below and the record, and having conducted additional legal research, believes that reasonable jurists could also disagree whether Mr. Martin's cannabis conviction was a prior "felony drug offense." *See Lavin*, 641 F.3d at 832. Accordingly, Petitioner requests that the Court issue a new certificate that includes his third conviction.

## LEGAL STANDARD

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability should issue when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The burden is lower to expand the certificate: "Where at least one issue has already been certified, the additional burden of (re)considering whether the petitioner has made a sufficient showing of another constitutional error will usually be modest." *Peterson v. Douma*, 751 F.3d 524, 530 (7th Cir. 2014); *cf. Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) ("If the case presents a substantial constitutional question, then an independently substantial statutory issue may come along for the ride.").

## ARGUMENT

Not only could reasonable jurists disagree whether Petitioner's cannabis conviction should have qualified as a predicate offense, reasonable jurists likely could "agree that" this issue should have been resolved in Mr. Martin's favor.

4

*Slack,* 529 U.S. at 484. Illinois law defines cannabis "categorically broader than § 802(44)," and therefore Mr. Martin's conviction "cannot serve as a predicate offense." *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018).[4]

As this Court recently held, because "[t]he language 'relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances' in § 802(44) modifies the phrase 'any law of the United States or of a State or foreign country' . . . in determining whether a defendant's prior conviction is a felony drug offense under § 802(44), we must ask whether the *law of his conviction* 'prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.'" *Id.* Thus a defendant's "actual conduct *related to one of those substances*" is irrelevant. *Id.* (emphasis added).

Because Illinois defines "cannabis" to include synthetic equivalents of cannabis, the definition is broader than § 802(44)'s definition of "marihuana," or "depressant or stimulant substances"—the only two categories of § 802(44) substances that possibly might apply to Petitioner's previous convictions. *Id.*[5]

---

[4] Appointed counsel is not asking for reconsideration of the issues raised by Petitioner's previous *pro se* request for a certificate from this Court. In that request, Petitioner argued that "delivery of cannabis" is broader than "conduct relating" to marijuana under 21 U.S.C. § 841(b)(1), because, for example, Illinois law defines "delivery" to include "offering to sell without possession." ECF No. 16 at 16–17. Instead, this Motion sets forth three new arguments for expanding the certificate.

[5] Petitioner argued that "cannabis" is broader than "marihuana" to the District Court, which did not rule on the issue. *See* Doc. No. 15 at 24. Petitioner has informed appointed counsel that this argument was not included in his petition because a fellow prisoner with a typewriter prepared his petition, but the prison was on lockdown and Petitioner was unable to review the final draft to discover the

5

Furthermore, the Government explicitly waived procedural default respecting the challenge to this or any of his convictions. Accordingly, this Court should expand the certificate of appealability. *Lavin*, 641 F.3d at 832.

## I.    "Cannabis" Under Illinois Law Is Broader than the Federal Definition of "Marihuana"

In 2007, Mr. Martin pled guilty to Unlawful Delivery of Cannabis under 720 ILCS § 550/5(e), which made "it unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." Illinois law defines "cannabis" more broadly than the federal definition of "marihuana," so § 550/5(e) is not a "felony drug offense."

At the relevant time, Illinois law defined "cannabis" to include *synthetic* "tetrahydrocannabinol (THC)." In contrast, federal law defined "marihuana" as only its natural form:

---

failure to include this argument in sufficient time before the deadline imposed by the Court. *See* ECF No. 13.

| 720 ILCS 550/3 | 21 U.S.C. § 802(16) |
|---|---|
| (a) "Cannabis" includes marihuana, hashish and other substances which are identified as including any parts of the plant Cannabis Sativa, whether growing or not; the seeds thereof, the resin extracted from any part of such plant; and any compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, including tetrahydrocannabinol (THC) and all other cannabinol derivatives, including its naturally occurring or synthetically produced ingredients, whether produced directly or indirectly by extraction, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis; but shall not include the mature stalks of such plant . . . | (16) The term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant . . . |

Because "cannabis" includes synthetic compounds, while "marihuana" under federal law does not, this "mismatch renders the [Illinois] law categorically broader than § 802(44)." *Elder*, 900 F.3d at 491.

## II.  "Cannabis" Under Illinois Law Is Not a "Stimulant or Depressant Substance"

That "cannabis" is broader than "marihuana" should end the inquiry as to whether Petitioner's cannabis conviction can serve as a predicate offense under 21 U.S.C. § 802(44).  In an effort to avoid this reality, the Government argued below that a "cannabis" conviction qualifies as a "felony drug offense" because synthetic cannabis is a § 802(44) "depressant or stimulant substance." *See* Doc. No. 17, ¶¶ 4–6.  However, synthetic "cannabis" does not fall under this limited category of substances. *Elder*, 900 F.3d at 501.

7

To make its argument, the Government relies on 21 U.S.C. § 802(9)(D), which defines a "depressant or stimulant substance" as:

> **(D)** any drug which contains any quantity of a substance which the Attorney General, **after investigation, has found to have, and by regulation designated as having, a potential for abuse** because of its depressant or stimulant effect on the central nervous system **or its hallucinogenic effect**.

(emphasis added). Next, the Government mistakenly assumes that the Attorney General has conducted such an investigation based only on the fact that synthetic THC is listed in Schedule I as a "hallucinogenic substance." 21 C.F.R. § 1308.11 (2007) (listing "tetrahydrocannabinols naturally contained in a plant of the genus Cannabis (cannabis plant), as well as *synthetic equivalents* of the substances contained in the cannabis plant . . .") (emphasis added).

But the Attorney General has never conducted an investigation to determine whether synthetic cannabis has a "potential for abuse because of . . . its hallucinogenic effect." 21 U.S.C. § 802(9)(D). Nor did it conduct such an investigation before synthetic THC was listed on Schedule I.

Instead, both natural and synthetic THC have always been covered by Schedule I, according to the DEA.[6] Congress listed THC in Schedule I in the original version of the Controlled Substances Act ("CSA"), and the DEA's predecessor, the Bureau of Narcotics and Dangerous Drugs ("BNDD"), simply

---

[6] Petitioner does not contend that the DEA was necessarily correct in its statutory interpretation or understanding of legislative history. Rather, this citation to DEA regulations demonstrates what the DEA believed and that synthetic THC was not listed in accordance with 21 U.S.C. § 802(9)(D).

8

included THC in its implementing regulations. *See* 21 U.S.C. § 812(c)(17) (listing THC); Public Law No. 91-513, 84 Stat. 1236, 1249, Sched. I(c)(17) (Oct. 17, 1970). In other words, synthetic THC was **not** listed after an investigation pursuant to § 802(9)(D). And even though synthetic THC is controlled substance, it has never belonged to the limited category of controlled substances that support a "felony drug offense" enhancement under §§ 802(44) & 841.

As the DEA explained in 2001, when it made slight revisions to the definition of THC in Schedule I, the changes merely "clarif[ied] that, under the CSA and DEA regulations, the listing of 'Tetrahydrocannabinols' in schedule I refers to both natural and synthetic THC." 21 CFR Part 1308, *Clarification of Listing of 'Tetrahydrocannabinols' in Schedule I*, 66 FR 51535-38, 2001 WL 37083674 (Oct. 9, 2001). The DEA specifically announced that it "consider[ed] the proposed revision to be a mere clarification and not a change of law." *Id.*

In making this minor change, the DEA explained:

> When Congress enacted the CSA in 1970, one of its aims was to unify what had been the "plethora of legislation" controlling narcotics and dangerous drugs into "one piece of legislation." H. Rep. No. 91-1444, 1970 U.S.C.C.A.N. 4566, 4571. One result was that, following the enactment of the CSA, THC no longer had to be separately categorized into "natural" versus "synthetic" in order to maintain the Congressionally mandated separation between drugs controlled under DACA and those controlled under the Marihuana Tax Act. Thus, Congress was able to list "Tetrahydrocannabinols" in schedule I without having to distinguish between natural and synthetic. Likewise, the first regulations implementing the CSA (the 1971 BNDD regulations) did not simply carry forward, without change, the prior regulation that listed only "synthetic" THC (as was required under DACA). Rather, BNDD added the general term "Tetrahydrocannabinols" to the beginning of the listing, above the references to "synthetic

9

> equivalents," since the regulation no longer had to be limited to synthetic THC.
>
> Thus, it is DEA's interpretation that the listing of THC in schedule I of the CSA and DEA regulations has always included both natural and synthetic THC.

21 CFR Part 1308, *Interpretation of Listing of "Tetrahydrocannabinols" in Schedule I*, 66 FR 51530-01, 2001 WL 1180298 (Oct. 9, 2001). In other words, the BNDD—the DEA's predecessor—listed THC solely to implement the CSA as Congress requested. It was not listed because of an Attorney General investigation that found that synthetic THC had a "hallucinogenic effect" with a "potential for abuse." 21 U.S.C. § 802(9)(D), Therefore it is not a "depressant or stimulant substance" under 21 U.S.C. §§ 802(44).

In sum, Illinois defines "cannabis" more broadly than any of the substances listed in § 802(44)—it is not "marihuana" nor a "depressant or stimulant substance." Accordingly, Mr. Martin's cannabis conviction is not a "felony drug offense." *Elder*, 900 F.3d at 501.[7]

---

[7] The Government did not argue below that this statute was divisible to support the modified-categorical approach. *See* Doc. No. 17. To the extent the Court has any concerns that the modified-categorical approach might apply, it does not as the identity of the type of "cannabis" is not an *element* of the offense. Rather it is a means because the punishment § 550/5(e) is the same regardless of the "cannabis." *Cf. Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements.").

10

### III. Procedural Default is Not an Issue in this Case

This Court should also expand the certificate because procedural default is not an issue in this case. Below, the Government explicitly waived any procedural default as to the categorical approach:

> Now, what we do want to tell the Court, what we haven't made with this free-standing claim, this free-standing *Mathis* claim, we haven't made a procedural default argument, arguing that he could have raised this argument on appeal and he didn't do so. Therefore, you know, he can't win. Um, because if the Court were to disagree with us in our analysis, then, you know, assuming we were to lose in front of you and appeal and lose or whatever, and that's by no means a threat. **What I mean is what we don't want to see is a defendant serving mandatory life if the Government is wrong in its *Mathis* analysis.**

Ex. A, Doc. No. 31, Oct. 12, 2017 Hearing Tr. 114:6-24 (emphasis added); *see United States v. Kenngott*, 840 F.2d 375, 379 (7th Cir. 1987); *Hicks v. Stancil*, 642 F. App'x 620, 621 (7th Cir. 2016).[8] Because the merits of these issues are before this Court, Petitioner respectfully requests that this Court expand the certificate. In the words of the Government, he should not be "serving mandatory life" based on an erroneous application of the categorical approach.

### CONCLUSION

This Court should expand the certificate of appealability so that Petitioner can challenge all three of his convictions, instead of the two certified. Given that this Court already has granted a certificate under *Elder* and the categorical

---

[8] Even if the Government did not waive the issue, Mr. Martin still did not procedurally default this claim because he asserted that trial counsel was ineffective for failing to raise the categorical approach at sentencing. *See, e.g.*, *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015).

11

approach, "the additional burden of" briefing the categorical approach as applied to a third conviction will be "modest." *Peterson*, 751 F.3d at 530.

Petitioner has strong arguments that his cannabis conviction does not qualify as a predicate offense, and there is no procedural bar to this argument. And the stakes here cannot be higher: only two of Mr. Martin's three convictions could be sufficient to keep him in prison for life without parole. Accordingly, this Court should expand the certificate of appealability to also include whether his cannabis conviction under 720 ILCS § 550/5(e) is a "felony drug offense."

Dated: October 3, 2019                    Respectfully submitted,

/s/ *Raphael Janove*
Raphael Janove
    *Counsel of Record*
EIMER STAHL LLP
224 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
(312) 660-7600 (telephone)
(312) 692-1718 (facsimile)
rjanove@eimerstahl.com

*Counsel for Petitioner-Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this brief complies with the applicable typeface, type-style, and type-volume limitations of Fed. R. App. P. 27(d)(1)(E) as qualified by Circuit Rule 32(b), and Fed. R. App. P. 27(d)(2)(A).

This brief was prepared using a proportional typeface (Century Schoolbook, 12 point). Exclusive of the portions exempted by Fed. R. App. P. 32(f), this brief contains 2,875 words. This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this brief.

/s/ *Raphael Janove*
Raphael Janove
    *Counsel of Record*
EIMER STAHL LLP
224 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
(312) 660-7600 (telephone)
(312) 692-1718 (facsimile)
rjanove@eimerstahl.com

*Counsel for Petitioner-Appellant*

No. 18-2840

IN THE

# United States Court of Appeals

## FOR THE SEVENTH CIRCUIT

───────────────────────────────

RICHARD GEORGE MARTIN,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

───────────────────────────────

On Appeal from the United States District Court
for the Central District of Illinois
(Hon. Michael M. Mihm, No. 1:17-cv-01064)

───────────────────────────────

**EXHIBIT A**

───────────────────────────────

```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF ILLINOIS
 2

 3   RICHARD GEORGE MARTIN,        )
                                   )
 4           PETITIONER,           )Criminal No.
                                   )17-CV-01064
 5        -vs-                     )Peoria, Illinois
                                   )OCT. 12, 2017
 6   UNITED STATES OF AMERICA,     )
                                   )
 7           RESPONDENT.           )

 8

 9              TRANSCRIPT OF PROCEEDINGS

10

11                    BEFORE:

12            HONORABLE MICHAEL M. MIHM
               United States District Judge

13

14                  APPEARANCES:

15         MR. GREGGORY R. WALTERS, ESQ.
                  U.S. ATTORNEY
16         211 FULTON STREET, STE. 400
                PEORIA, IL   61602
17     (Appeared on Behalf of the RESPONDENT)

18         MR. SPENCER L. DANIELS, ESQ.
                  ATTORNEY AT LAW
19         411 HAMILTON BLVD., STE. 1708
                PEORIA, IL   61602
20     (Appeared on Behalf of the PETITIONER)

21

22

23       Dolores L. Conner Doubet, CSR, RPR

24
     Proceedings recorded by mechanical stenography;
25   transcript produced by computer.
```

1                       **I N D E X**

2

3   **WITNESSES**                                              **PAGE**

4         MARK E. WERTZ

5               EXAMINATION BY MR. DANIELS                          5

6               EXAMINATION BY MR. WALTERS                          38

7               EXAMINATION BY MR. DANIELS                          56

8               EXAMINATION BY MR. WALTERS                          57

9               EXAMINATION BY THE COURT                            58

10

11  **EXHIBITS**                                           **REFERENCE**

12        GOVERNMENT EXHIBIT NUMBER 10                             26
              (Wertz affidavit)
13        GOVERNMENT EXHIBIT NUMBER 13                             40
              (11 MJ 6024 docket sheet)
14        GOVERNMENT EXHIBIT NUMBER 11                             45
              (Reports of Ms. Williams)
15        GOVERNMENT EXHIBIT NUMBER 12                             62
              (Photo lineup)
16

17  PROFFER BY MR. WALTERS                                         61

18  ARGUMENTS BY MR. DANIELS                                       64

19  ARGUMENTS BY MR. WALTERS                                       70

20  RULING BY THE COURT                                            76

21  ARGUMENTS BY MR. DANIELS                                       79

22  ARGUMENTS BY MR. WALTERS                                       83

23  RULING BY THE COURT                                            86

24  ARGUMENTS BY MR. DANIELS                                       90

25  ARGUMENTS BY MR. WALTERS                                      100

```
 1      both.
 2            So he has three convictions, only two
 3      of which were needed for his mandatory life
 4      sentence.  There -- so under, ultimately
 5      Mathis doesn't help.
 6            Now, what we do want to tell the
 7      Court, what we haven't made with this
 8      free-standing claim, this free-standing
 9      Mathis claim, we haven't made a procedural
10      default argument, arguing that he could have
11      raised this argument on appeal and he didn't
12      do so.  Therefore, you know, he can't win.
13            Um, because if the Court were to
14      disagree with us in our analysis, then, you
15      know, assuming we were to lose in front of
16      you and appeal and lose or whatever, and
17      that's by no means a threat.
18            What I mean is what we don't want to
19      see is a defendant serving mandatory life if
20      the Government is wrong in its Mathis
21      analysis.  But we don't believe we are and
22      we think we have briefed it appropriately
23      and we think we have led the Court to the
24      correct conclusion.
25            Now, what the Defendant has
```

1      procedurally defaulted, and we have briefed
2      this with respect to his free-standing
3      claims, those that he hasn't connected with
4      ineffective assistance of counsel, is first,
5      his argument that somehow 802(44) doesn't
6      apply.  That's not the exclusive definition
7      of felony drug offense.
8           He could have raised that.  He didn't,
9      and ultimately he is wrong, anyway, because
10     of the Supreme Court case in Burgess against
11     the United States.
12          And the other argument that he could
13     have raised and didn't is his argument that
14     section 802(44) is void for vagueness.
15          BY THE COURT:  I'm sorry.  Is what?
16          BY MR. WALTERS:  It's constitutionally
17     infirm.  It's void for vagueness.
18          BY THE COURT:  Oh, vagueness.  Okay.
19          BY MR. WALTERS:  And it's not.  What he
20     tries to do is, I mean, bottom line is, is
21     it needs to be an as-applied challenge.
22          And as applied, when we look at
23     possession of cocaine, possession to deliver
24     cocaine and delivery of marijuana, that
25     falls squarely, not within the margins, but

```
 1
 2            IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF ILLINOIS
 3
 4
 5                  CERTIFICATE OF REPORTER
 6
 7       I, Dolores L. Conner Doubet, Certified
 8   Shorthand Reporter and Notary Public in the County
 9   of Peoria, State of Illinois, certify the
10   foregoing to be a true and accurate transcript,
11   consisting of pages 1-126, of the proceedings had
12   in the above entitled cause.
13          Dated this 9th day of August, A.D. 2018.
14
15
16             s/Dolores L. Conner Doubet
17       _____
18             DOLORES L. CONNER DOUBET
19                CSR#084-002061
20
21
22
23
24
25
```

# **CERTIFICATE OF SERVICE**

I certify that on October 3, 2019, I electronically filed the foregoing Petitioner-Appellant's Motion to Expand the Certificate of Appealability and Exhibit with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Raphael Janove*
Raphael Janove
    *Counsel of Record*
EIMER STAHL LLP
224 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
(312) 660-7600 (telephone)
(312) 692-1718 (facsimile)
rjanove@eimerstahl.com

*Counsel for Petitioner-Appellant*